**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**GILBERTO CAVAZOS**                                                                 **PLAINTIFF**

**v.**                                       **No. 3:15-CV-00285-JTK**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                           **DEFENDANT**

<u>**ORDER REMANDING TO THE COMMISSIONER**</u>

Gilberto Cavazos filed for social security disability benefits with an alleged onset date of March 28, 2011. (R. at 79). After a hearing, the administrative law judge (ALJ), denied his application, and the Appeals Council declined review. (R. at 4). Cavazos has requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ found that Cavazos had the severe impairments of hypertension, non-insulin dependent diabetes mellitus, lumber stenosis, obesity, and mood disorder with anxiety. (R. at 17). The ALJ found that Cavazos had the residual functional capacity (RFC) to perform sedentary work with the additional limitations that the work require only incidental interpersonal contact; that the complexity of tasks be limited to that which could be learned by demonstration or repetition within thirty days with few variables; that the work require little judgment; and that supervision be simple, direct, and concrete. (R. at 21–22).

1

After taking testimony from a vocational expert (VE), the ALJ found that, although Cavazos could not return to any of his prior relevant work, he could perform jobs such as sorter and final assembler and was not disabled. (R. at 30).

## II.   Discussion

Cavazos argues that the ALJ erred when determining Cavazos's credibility, that the record does not support the ALJ's decision, and that the ALJ's questions to the vocational expert were inadequate.

On review, this Court determines whether substantial evidence on the record as a whole supports the ALJ's decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Reversal is not warranted merely because substantial evidence exists to support a contrary conclusion. *Long*, 108 F.3d at 187.

### a.   The Credibility Determination

In coming to a decision regarding Cavazos's RFC, the ALJ found that Cavazos was not entirely credible regarding his limitations and pain level. (R. at 22,–23). The ALJ found that the limitations Cavazos testified to seemed self-imposed and that the medical records did not contain the limitations that Cavazos claimed. (R at 22–23). Cavazos maintains that the ALJ erred in the determination.

The Court defers to the ALJ's evaluation of a claimant's credibility when that determination is supported by good reason and substantial evidence. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). "An ALJ may not reject subjective complaints solely because they lack support in the medical record." *Miller v. Sullivan*, 953 F.2d 417, 420 (8th Cir. 1992).

In making the credibility determination, the ALJ noted only that the medical records did not establish the levels of pain that Cavazos claimed. (R. at 23). The ALJ did not observe any inconsistency with activities of daily living, and the inconsistencies that the Commissioner cites in briefing are not supported by substantial evidence. For instance, the Commissioner notes that Cavazos stated his work schedule would not allow physical therapy during an appointment that occurred on March 28, 2011, the alleged onset date. (R. at 291). This statement is not inconsistent with the onset date, especially as Cavazos has claimed that his pain worsened following surgery. (R. at 221, 249, 257).

Additionally, while some statements in the medical records indicate that Cavazos was working in 2012, his earnings records show no income for 2012 or 2013. (R. at 85). The ALJ, relying on this information, found that Cavazos had not engaged in substantial gainful activity since his onset date. (R. at 17). The only mention the ALJ's decision makes of Cavazos's work history is to state that his varied work history and low earnings indicate a lack of motivation. Cavazos has only a ninth grade education and significant mental health issues that the ALJ recognized. (R. at 17, 22). These issues would significantly limit Cavazos's employment opportunities. The Eighth Circuit has recognized in similar situations that low earnings are "an unacceptable reason to discredit [a claimant's] subjective complaints of pain." *Gude v. Sullivan*, 956 F.2d 791, 795 (8th Cir. 1992).

Furthermore, the record contains no evidence of malingering by Cavazos or any other objective indication that he is exaggerating his symptoms. Cavazos consistently sought treatment for his impairments, and he even opted for surgery over more conservative treatment in hopes of decreasing his recovery time. (R. at 191). Cavazos

also consistently rated his highly in medical records, from 7 to 10 on a scale of 1 to 10 or 5 on a scale of 1 to 5. (R. at 516, 518, 519, 521, 522, 530, 534, 537, 540).

The medical records do not contradict Cavazos's claims regarding his pain and daily activities. Cavazos's doctors did not express an opinion regarding his work capacity, but this does not constitute substantial evidence supporting an RFC when no such opinion was requested and especially when Cavazos was not discharged from treatment. *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001).

The ALJ's credibility determination was not supported by good reason and substantial evidence. The reasons the ALJ provided for discrediting Cavazos were insufficient, and nothing in the record contradicts his subjective complaints of pain. The ALJ erred in making the credibility determination.

### b.  Sufficiency of the Evidence

Cavazos contends that the evidence in the record does not support the ALJ's RFC determination. He argues that the ALJ improperly found that he could do sedentary work in spite of evidence indicating that Cavazos could not sit for extended periods of time. Cavazos also maintains that the RFC failed to account for the limitations of his obesity and limitations observed by an evaluating mental health provider. He also claims that the ALJ only referred to non-examining doctors' opinions in arriving at the RFC and that the ALJ should have more fully developed the record by recontacting treating physicians or ordering a consultative examination.

For the first point, the ALJ disregarded Cavazos's complaints of pain while sitting based largely on the erroneous credibility determination. As the ALJ improperly disregarded Cavazos's uncontradicted testimony regarding his pain while sitting, this Court cannot say that the RFC is supported by substantial evidence. The Commissioner

4

argues that the record does not contain consistent complaints of pain while sitting. However, a review of the record in its entirety reveals that Cavazos had made complaints as far back as 2010 regarding pain while sitting. (R. at 156, 159, 170, 173). While these records precede the onset date, they do show that the complaints of pain while sitting are not new.

As to the limitations in the RFC related to obesity and mental functioning, the ALJ properly accounted for those two impairments. While Cavazos states that the RFC did not account for obesity, the ALJ specifically discussed obesity and states that it was accounted for in the RFC. (R. at 25–26). The ALJ is entitled to a presumption that he did what he said he did in accounting for those limitations. *See Wilburn v. Astrue*, 626 F.3d 999, 1003–04 (8th Cir. 2010). Additionally, a limitation to simple work adequately accounts for Cavazos's limited abilities to maintain concentration, persistence, and pace. *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001). The RFC was sufficient with regard to those impairments.

Cavazos also complains that the ALJ relied exclusively on nonexamining source opinions in order to establish the RFC. The nonexamining sources based their opinions on a review of the medical records from treating physicians, and Cavazos maintains that the record as a whole was not sufficient for the ALJ to render a decision and so should have ordered a consultative examination or recontact the treating physicians.

"The opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). An ALJ has the duty to fully and fairly develop the record, even if the claimant is represented by counsel. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). However, "[t]he ALJ is required to recontact medical sources and

may order consultative evaluations only if the available evidence does not provide an adequate basis for determining the merits of the disability claim." *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

In this instance, the ALJ gave a great deal of weight to the nonexamining source opinions. (R. at 29). The record as it stands, however, is devoid of any treating source opinion regarding Cavazos's functional capacity. The treatment records do not express an assessment of Cavazos's lifting capacity, walking distance, or any other functional limitations. The treating source records are insufficient to determine whether Cavazos is disabled, and the nontreating sources only had the information within those records on which to base their opinions. The ALJ erred in not sufficiently developing the record to determine Cavazos's functional capacity.

While the ALJ sufficiently accounted for Cavazos's obesity and mental health issues in the RFC, additional information is necessary to determine if Cavazos is disabled.

### c.  Questions to the Vocational Expert

Cavazos's complaints regarding the hypothetical question posed to the VE echo his complaints regarding the omission of obesity and deficiencies in concentration, persistence, and pace. As those two impairments were properly accounted for in the RFC, the hypothetical was sufficient regarding those impairments as well. However, to the extent that the ALJ's RFC determination was in error, the hypothetical to the VE was equally insufficient.

### III.    Conclusion

The ALJ erred in the credibility determination and in not sufficiently developing the record to determine Cavazos's disability. This case is therefore remanded to the

Commissioner so that a consultative examination may be ordered to sufficiently develop the record.

It is so ordered this 25th day of April,  2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE